IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL,
INC.

     v.               :   Civil Action No. DKC 11-0438

SAVANNAH SHAKTI CORP., et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are motions filed by Plaintiff Choice Hotels International, Inc., for entry of default and default judgment. (ECF Nos. 5, 6). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion for entry of default will be granted and the motion for default judgment will be granted in part and denied in part.

## I.  Background

Plaintiff Choice Hotels International, Inc., commenced this action on February 17, 2011, by filing an application to confirm an arbitration award against Defendants Savannah Shakti Corporation, Devandra Patel, and Charulatta Patel. (ECF No. 1). The attached "ex-parte final award of arbitrator," dated November 12, 2010, recites that Plaintiff demonstrated at a hearing before the arbitrator that Defendants "breached the June

30, 2005 franchise agreement and addenda thereto by failing to construct a Comfort Suites hotel as contractually required" and that the "franchise agreement provides for liquidated damages under these circumstances." (ECF No. 1-1, at 1).[1] The arbitrator ordered Defendants to pay, jointly and severally, the total sum of $112,388.00 (consisting of $108,000.00 in liquidated damages, plus $4,388.00 in administrative fees and arbitrator compensation) within thirty days of the date of the award. Plaintiff's application requests entry of a judgment in favor of Plaintiff and against Defendants "in the amount of $112,388.00, plus post-judgment interest until paid." (ECF No. 1, at 2).

Plaintiff effected service of process on or about April 6, 2011. When Defendants failed to respond within the requisite time period and Plaintiff took no further action, the court issued an order, on July 11, directing Plaintiff to file and serve on Defendants a motion for clerk's entry of default and a motion for default judgment, or to provide an explanation as to why the filing of such motions would be inappropriate. (ECF No. 4).

---

[1] The award indicates that Defendants did not appear at the hearing or otherwise defend before the arbitrator. The arbitration provision contained in the parties' franchise agreement states, "If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." (ECF No. 1-2).

On July 21, 2011, Plaintiff separately filed the pending motions for entry of default (ECF No. 5) and default judgment (ECF No. 6). Defendants have not responded to these motions.

## II. Motion for Entry of Default

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although this rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (citing 6 Moore's Federal Practice ¶ 55.03(1), at 55-31 (1976)); *see also Trevino v. D.H. Kim Enterprises, Inc.*, 168 F.R.D. 181, 183 n. 3 (D.Md. 1996) (citing *Breuer* for the same proposition); *Structural Concrete Products, LLC v. Clarendon America Ins. Co.*, 244 F.R.D. 317, 328 (E.D.Va. 2007) ("Before the plaintiff can move for default judgment, the clerk or the court must enter default.").

Here, Plaintiff's request for entry of default recites that Defendants were served on April 6, 2011; that they were required to respond within twenty days thereafter; and that they failed to do so. These allegations are supported by affidavits of service, demonstrating that Defendants were properly served by a

3

deputy sheriff of Chatham County, Georgia (ECF No. 3), and the docket, which reflects that Defendants have made no filing in this case in the nine-plus months that it has been pending. Accordingly, Plaintiff's motion for entry of default will be granted.

## III. Motion for Default Judgment

A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies

the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Here, Plaintiff requests entry of a default judgment "in the amount of $112,388.00 with interest at the post-judgment rate until paid, plus the cost of this action." (ECF No. 6, at 2). Because costs were not requested in the complaint, they cannot be awarded by a default judgment. *See* Fed.R.Civ.P. 54(c). Thus, insofar as Plaintiff seeks reimbursement of the filing fee in this case, its motion for default judgment will be denied. Moreover, the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.").[2]

---

[2] Notably, the arbitration award provides that if Defendants failed to pay the award amount "on or before thirty (30) days from the date of this signed Award . . . interest shall continue to accrue on the principal sum awarded ($112,388.00) at the rate of 18% per annum . . . from the date of this Award until the date paid in full." (ECF No. 6-2 ¶ 3). The complaint, however, requests only "post-judgment interest until paid." (ECF No. 1, at 2).

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Community Bank v. Arruarana*, Civil No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10); *McColl Partners, LLC v. DME Holdings, LLC*, No. 3:10cv247, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011). Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

In this case, the parties' franchise agreement includes an arbitration clause, which provides that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF

No. 1-2).  Although Plaintiff's motion does not specifically identify the jurisdiction in which the arbitration award was made, the agreement expressly provides that any arbitration proceeding would be conducted in Maryland.  In any event, the parties are diverse and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this court.  *See* 28 U.S.C. § 1332(a).  Thus, under the franchise agreement, the court has jurisdiction to confirm the arbitration award.  There can be no question, moreover, that Plaintiff filed its application "within one year after the award [was] made."  9 U.S.C. § 9.

As the United States Court of Appeals for the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed.  Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.  *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).  Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.  *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D.Va. 1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10 of the Federal Arbitration Act. That section allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law." *See, e.g. Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a

contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229.

In this case, the award was issued in accordance with the terms of the parties' franchise agreement, which provided for an award of liquidated damages in the event of a material breach, and the arbitrator cited relevant provisions of the agreement in determining the amount. Breach of contract claims expressly fall within the scope of the parties' arbitration clause, and the record reveals no basis for questioning the validity of the franchise agreement or the conduct of the arbitrator. Accordingly, Plaintiff's motion for entry of a default judgment in the amount of $112,388.00, representing liquidated damages plus arbitration expenses, will be granted.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for entry of default will be granted and its motion for entry of default judgment will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge